**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5210**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

RODNEY PATRICK HUNT,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. William L. Osteen,
Jr., District Judge. (1:09-cr-00010-WO-1)

Submitted: June 15, 2010            Decided:  June 29, 2010

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender,
Greensboro, North Carolina, for Appellant. Anna Mills Wagoner,
United States Attorney, Terry M. Meinecke, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Patrick Hunt pled guilty in accordance with a plea agreement to possession of a firearm by a person subject to a domestic violence court order, 18 U.S.C. §§ 922(g)(8), 924(a) (2006), and was sentenced to seventy months in prison. He appeals his sentence. We affirm.

Hunt contends that his sentence is unreasonable. We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In conducting our review, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. . . ." Id. We next "consider the substantive reasonableness of the sentence imposed . . . , [taking] into account the totality of the circumstances." Id. In imposing sentence, the district court must provide an "individualized assessment" based upon the specific facts before it. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Here, the district court correctly calculated Hunt's advisory Guidelines range, performed an individualized assessment of the § 3553(a) factors as they applied to the case,

and stated in open court the reasons for the sentence. In this regard, the court found that, although Hunt was illiterate, he was obligated to learn that the domestic violence court order prohibited his possession of firearms. The court also concluded that certain positive aspects of Hunt's life did not outweigh his lengthy criminal history, including relatively recent serious offenses. Additionally, the court observed that the prior sentences Hunt had received had not served to deter his criminal behavior.

We reject Hunt's contention that the district court did not adequately address the various § 3553(a) factors and, in particular, was obligated to explain how a matter addressed at a bench conference impacted the chosen sentence. "Where a [sentencing] matter is . . . conceptually simple . . . and the record makes clear that the sentencing court considered the evidence and arguments," extensive explanation of the sentence is not required. Rita v. United States, 551 U.S. 338, 359 (2007). Nor is it necessary that the sentencing court address every § 3553(a) factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Hunt's sentence, which falls within his advisory Guidelines range of 70-87 months, is presumptively reasonable. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

3

We conclude that the district court did not abuse its discretion in imposing a seventy-month sentence.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>